UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| | | |
|---|---|---|
| GOGGIN WAREHOUSING, LLC, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:08-cv-73 |
| | ) | Judge Mattice |
| SHARON MORIN and ALBERT MORIN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiffs Goggin Warehousing, LLC and Titan Transfer, Inc., as administrators of the Goggin Warehousing/Titan Transfer Group Health Plan, bring the instant action against Defendants Sharon and Albert Morin seeking equitable relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*.

Before the Court are Plaintiffs' Motion for Summary Judgment [Court Doc. 20] and Defendants' Motion for Summary Judgment [Court Doc. 7]. For reasons explained below, Plaintiffs' Motion for Summary Judgment is **GRANTED** and Defendants' Motion for Summary Judgment is **DENIED**.

**I.    STANDARD**

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co.*

v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may meet this burden either by producing evidence that demonstrates the absence of a genuine issue of material fact or by simply " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996); *see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing*

*Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

## II. FACTS

The material facts are essentially undisputed and are as follows.

Plaintiffs Goggin Warehousing, LLC and Titan Transfer, Inc. sponsor and are the plan administrators of the Goggin Warehousing/Titan Transfer Group Health Plan (the "Plan"). (Court Doc. 34-1, Aff. of Tracy Crain ex. B, p. 1.) Defendant Sharon Morin was an "Eligible Dependent" under the Plan when she was injured in an automobile accident on March 14, 2006. (Court Doc. 25, Pls.' Req. for Admis. ¶ 1; Court Doc. 24, Defs.' Req. for Admis. ¶ 1.) As a result of the accident, Ms. Morin incurred medical bills in the amount of $146,235.91. (Pl.s' Req. for Admis. ¶ 2; Court Doc. 8, Defs.' Memo. in Supp. of Mot. for Summ. J. ("Defs.' Br."), p. 32.) The Plan paid out $73,811.46 in benefits on behalf of Mrs. Morin for her injuries. (Crain Aff. ¶ 8.)

Mrs. Morin initiated a lawsuit against the third-party individual responsible for her accident. That lawsuit was settled prior to trial for $100,000 – which was the policy limit of the third-party's insurance policy. (Pl.'s Req. for Admis. ¶ 5.) The Circuit Court of Coffee County, Tennessee approved the settlement and an attorney's fee of thirty-three and one-third of the amount recovered. The remaining sixty-six and two-thirds was paid to the clerk of court in Coffee County pending the outcome of this action. (Defs.' Br. at 2-3.)

## III. ANALYSIS

The parties have both moved for summary judgment on the sole issue in this case – whether Plaintiffs are entitled to reimbursement for the benefits paid on Mrs. Morin's

-3-

behalf from Defendants' settlement with the third-party, even though Mrs. Morin was not made whole by the settlement. Defendants argue that Plaintiffs are barred from recovery because Mrs. Morin was not made whole. (Defs.' Br. at 3-5.) Plaintiffs assert that, regardless of whether Mrs. Morin was made whole, they are entitled to recover the benefits paid out on her behalf under the terms of the Plan. (Court Doc. 22, Pls.' Memo. in Supp. of Mot. for Summ. J. ("Pls.' Br."), p. 3.)

The United States Court of Appeals for the Sixth Circuit has adopted the make-whole rule of federal common law, which "requires that an insured be made whole before an insurer can enforce its right to subrogation under ERISA."[1] *Copeland Oaks v. Haupt*, 209 F.3d 811, 813 (6th Cir. 2000). The make-whole rule is merely a default rule, however, and an ERISA plan can disavow the make-whole doctrine if it clearly establishes both "a priority to the funds recovered and a right to any full or partial recovery." *Id*.

The Plan provides, in pertinent part:

> Section 11 – SUBROGATION
>
> . . .
>
> B.     REIMBURSEMENT:
>
> If Benefits are paid under this Plain and an Eligible Employee or Eligible Dependent recovers from a third party settlement, judgment, or otherwise, the Plan has the right to be reimbursed 100% of all amounts paid by it to or on behalf of the Eligible Employee or Eligible Dependent. This right of Reimbursement give the plan a direct and contractual right of repayment against the Eligible Employee or Eligible Dependent upon recovery of any amounts by said Employee or Dependent from

---

[1] Although subrogation and reimbursement are distinct doctrines, they are treated the same for purposes of the make-whole doctrine. *Hiney Printing Co. v. Brantner*, 243 F.3d 956, 959 (6th Cir. 2001).

a third party settlement, judgment, or otherwise.

The receipt of any payment by an Eligible Employee or Eligible Dependent shall be specifically conditioned upon an agreement by the Eligible Employee or Eligible Dependent acknowledging this Reimbursement provision and the agreement of the Eligible Employee or Eligible Dependent to repay any sums expended by the Plan in full.

C.   ATTORNEYS' FEES:

The amounts to which this Plan is entitled in accordance with its right to Subrogation, its right to Reimbursement, or its rights under any other Section of the Plan shall not be offset by the Eligible Employee's or Eligible Dependent's legal fees, expenses and/or costs attributable to recovery of payments made to the Eligible Dependent or Eligible Employee.

The amount to which the Plan is entitled under the aforementioned provisions shall not be offset by the Eligible Employee's or Eligible Dependent's costs attributable to recovery without regard to whether the Plan exercises its right to intervene in the proceedings brought by the Eligible Employee or Eligible Dependent against a third party(ies).

D.   PLAN'S RIGHT OF RECOVERY

With regard to the Plan's right to recover amounts paid to an Eligible Employee or Eligible Dependent under the Sections of this Plan governing Subrogation, Reimbursement, Attorneys' Fees or any other Section of this Plan, the Plan shall be entitled to reimbursement in full for 100% of all amounts paid by the Plan from the first dollars to be paid to or received by an Eligible Employee or Eligible Dependent from a settlement or judgment from a third party.

Under those provisions governing Subrogation, Reimbursement, Attorneys' Fees or any other Section of this Plan, the Plan shall be entitled to reimbursement from the first dollars paid without regard to whether the total amount to be paid to or received by an Eligible Employee or Eligible Dependent is less than the actual amount suffered, that is, the Plan is entitled to full reimbursement or 100% of all amounts paid by the Plan, without regard to whether the Eligible Employee or Eligible Dependent is made whole by the amount

>
> recovered from any third party(ies).
>
> Further, the Plan shall be entitled to recover 100% of all amounts paid by the Plan under the Sections governing Subrogation, Reimbursement, Attorneys' Fees or any other Section of this Plan whether the recovery to be paid or received by the Eligible Employee or Eligible Dependent is characterized as medical expense, pain and suffering, damages for emotional distress, damages calculated in consideration of future medical expenses, damages for loss of consortium or any other type of damages. The Subrogation and/or Reimbursement to which this Plan is entitled includes rights against any insurance carrier, including an uninsured or underinsured motorist carrier, even if such coverage was purchased by the Eligible Employee or Eligible Dependent.

(Crain Aff. ex. B at 63-64.)

Plaintiffs argue that the Plan specifically disavows the make-whole doctrine and meets the requirements set forth in *Copeland Oaks*. (Pls.' Br. at 9.) Defendants contend that the Plan's language is too ambiguous and that the default rule should apply and bar Plaintiffs recovery. (Defs.' Br. at 5.)

The Court finds that the Plan satisfies the test set forth in *Copeland Oaks*. The Plan clearly establishes a priority to the settlement funds by stating that it "shall be entitled to reimbursement in full for 100% of all amounts paid by the Plan *from the first dollars* to be paid to or received by an Eligible Employee or Eligible Dependant." (Crain Aff. ex. B at 64) (emphasis added). The Plan also establishes its right to any full or partial recovery by stating that "the Plan shall be entitled to reimbursement from the first dollars paid without regard to whether the total amount to be paid or received by an Eligible Employee or Eligible Dependent is less than the actual amount suffered." (*Id*.) Moreover, the Plan specifically disavows the application of the make-whole doctrine by providing that the Plan

-6-

is entitled to recover "without regard to whether the Eligible Employee or Eligible Dependent is made whole by the amount recovered from any third party(ies)." (*Id.*)

The only argument put forth by Defendants as to why Plaintiffs are not entitled to reimbursement is that Mrs. Morin was not made-whole by the settlement with the third-party. Thus, the only issue in this case is whether the Plan specifically disavows the default rule of the make-whole doctrine. Having carefully reviewed the Plan language, the Court concludes that it specifically disavows the make-whole doctrine and that the plan language, rather than the default make-whole doctrine, governs the Plaintiffs' right to reimbursement. Accordingly, under the specific language of the Plan, Plaintiffs are entitled to reimbursement for the entire amount paid out on behalf of Mrs. Morin.

## IV. CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment [Court Doc. 7] is **DENIED**. Plaintiff's Motion for Summary Judgment [Court Doc. 20] is **GRANTED** and Plaintiff is entitled to recover from Defendants in the amount of $73,811.46.

The Clerk shall close the case.

SO ORDERED this 9th day of July, 2009.

                                               */s/Harry S. Mattice, Jr.*
                                                HARRY S. MATTICE, JR.
                                                UNITED STATES DISTRICT JUDGE