GOGGIN WAREHOUSING, LLC, *et al.*,    )
                                   )
      *Plaintiffs*,    )
                                   )
v.    )    Case No. 4:08-cv-73
                                   )    Judge Mattice
SHARON MORIN and ALBERT    )
MORIN,    )
                                   )
      *Defendants*.    )

## MEMORANDUM AND ORDER

Plaintiffs Goggin Warehousing, LLC and Titan Transfer, Inc., as administrators of the Goggin Warehousing/Titan Transfer Group Health Plan, brought the instant action against Defendants Sharon and Albert Morin seeking equitable relief pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*. The Court granted Plaintiffs' Motion for Summary Judgment [Court Doc. 20] and denied Defendants' Motion for Summary Judgment [Court Doc. 7] in its Memorandum and Order of July 9, 2009 [Court Doc. 42]. Pending before the Court is Defendants' Motion for Reconsideration [Court Doc. 45] filed on July 14, 2009. Plaintiffs filed a Response [Court Doc. 46] on July 16, 2009. For the reasons explained below, Defendants' Motion for Reconsideration [Court Doc. 45] is **DENIED**.

## I.    STANDARD

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion to alter or amend a judgment within ten days after entry of the judgment. A Rule 59(e) motion can be granted for one of four reasons: (1) to correct a clear error of law; (2) to account for newly discovered evidence; (3) to accommodate an intervening change in the controlling

law; or (4) to otherwise prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A decision to grant or deny a Rule 59(e) motion is within the discretion of the district court. *See id.* at 832.

"A Rule 59(e) motion to alter or amend is not the proper vehicle to raise arguments that should have been made before judgment." *Russell v. GTE Gov't Sys. Corp.*, 141 F. App'x 429, 434 (6th Cir. 2005); *see also Thomas v. Health Prime, Inc.*, 211 F.3d 1270, 2000 WL 571941, at *4 (6th Cir. May 3, 2000) ("A party should not use the motion to 'raise arguments which could, and should, have been made before judgment issued.' "). In other words, such a motion "does not afford parties an opportunity to reargue their case." *Zink v. Gen. Elec. Capital Assurance Co.*, 73 F. App'x 858, 861 (6th Cir. 2003).

## II. FACTS

A summary of the facts related to this action is contained in the Court's Memorandum and Order [Court Doc. 42] and will not be repeated here. The few additional facts alleged in Defendants' instant motion are recited below.

Defendants assert that their depositions were taken on June 4, 2009 and counsel received the transcripts of these depositions on July 13, 2009. (Court Doc. 45, Def.'s Mot. Recons. p. 1.) Defendants contend that the testimony of Mr. and Mrs. Morin through these depositions establishes that neither Defendant received a copy of all relevant documents for the employee benefit plan in question, Mrs. Morin signed the Subrogation Agreements for her husband and their lawyer while Mr. Morin was away, and the Subrogation Agreement does not contain language specifically disavowing the make-whole doctrine that is present in the full plan documentation. (*Id.* at 2-3.)

-2-

## III.     ANALYSIS

Defendants ask the Court to reconsider the following issues: (1) whether the full plan documentation controlled the agreement between Plaintiffs and Defendants; (2) whether the language of the Subrogation Agreement is sufficient to disavow the make-whole doctrine; (3) whether the coverage at issue in this action was an employee benefit plan or a plan with a different structure where Mr. Morin paid insurance premiums; and (4) whether Plaintiffs properly exercised its subrogation right when it failed to intervene in the action between the Morins and a third party.  (*Id.* at 1-2.)

Defendants do not cite any legal authority or basis in support of their Motion pursuant to Rule 59(e).  There is no language in the Motion to suggest that Defendants claim clear error or manifest injustice, and no evidence of a change in controlling law. Therefore, in the absence of any explicitly stated basis under which to frame Defendants' Motion, the Court will construe Defendants' Motion as containing a request to reconsider due to newly discovered evidence.  *GenCorp, Inc.*, 178 F.3d at 834.  The Court finds that this construction is proper because the Motion states that "[t]he depositions of the Morins were not taken until June 4, 2009, and the transcripts of their depositions were not delivered until the afternoon of July 13, 2009. Defendants believe their testimony regarding the 'Plan,' the subrogation agreement signed by Mrs. Morin, and the type of insurance provided Mr. Morin by his employer, Titan Transfer, are critical for analyzing the issues." (Def.'s Mot. p. 1.)

"To constitute 'newly discovered evidence,' the evidence must have been previously unavailable." *GenCorp, Inc.*, 178 F.3d at 834.  A Rule 59(e) motion should not be granted

to give relief to a plaintiff who made what turned out to be an erroneous tactical decision prior to the entry of judgment. *Id*. Mr. and Mrs. Morin were the named Defendants from the inception of this case in October 2008. (Court Doc. 1.) The Court notes that Defendants were the first to file a Motion for Summary Judgment and did so in November 2008, when the case had been pending for just over one month. (Court Doc. 7.) Therefore, Defendants raised dispositive issues at a point when, presumably, little discovery was complete. There is no indication that either one of the Defendants were unavailable for deposition or that this information was otherwise unobtainable prior to filing their Motion for Summary Judgment. Plaintiffs filed their own Motion for Summary Judgment in December 2008. (Court Doc. 20.) There was ample opportunity to take the depositions of Mr. and Mrs. Morin or otherwise obtain this evidence prior to June 2009; with reasonable diligence, Defendants could have adduced the information elicited at these depositions prior to filing its Motion for Summary Judgment or while the cross-motions were pending before the Court.[1] Defendants have failed to explain any delay in obtaining this information from Mr. and Mrs. Morin that might justify accepting their testimony as newly discovered evidence.

This testimony is not "newly discovered evidence" merely because it was obtained at a later date. *U.S. v. Dalide*, 316 F.3d 611, 622 (6th Cir. 2003) (when, with due diligence, evidence could have been discovered prior to judgment, it is not newly discovered). *See also Market Finder Ins. Co. v. Scottsdale Ins. Co.*, 2007 WL 2025210, *3 (W.D. Ky. June

---

[1] Indeed, the Court does not understand why the Defendants were not aware of this allegedly critical information before the Plaintiffs elected to take their depositions. Mr. and Mrs. Morin were clearly in possession of this information at all times during the pendency of this action, and this evidence could have been presented to the Court by way of affidavits in support of their Motion for Summary Judgment.

-4-

9, 2007) (denying Rule 59(e) motion to supplement record with deposition that was taken prior to close of briefing but whose transcript was not available at the time briefs were due because it was not newly discovered evidence). Defendants do not even claim that they were unable to obtain the testimony prior to the Court's ruling, but only that they were unable to obtain the transcripts until after the Court's Memorandum and Order. Therefore, this evidence was available, discoverable, and was discovered before the Court's ruling. The "inability to prepare a transcript of [the] deposition . . . provides no reason for the court to consider or admit this deposition as the sort of supplemental, previously unavailable evidence contemplated by Rule 59." *Id.*

Indeed, if Defendants wanted the Court to consider this testimony in its ruling on summary judgment after the filing of their Motion or that of the Plaintiffs, Defendants could have filed a Rule 56(f) motion asking the Court to withhold judgment until after these depositions were taken and the transcripts were available. *See Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996) (holding that, on summary judgment, "non-movant bears the obligation to inform the district court of his need for discovery" through a Rule 56(f) motion). "Rule 56(f) is carefully crafted to accommodate a party's need for discovery prior to entry of summary judgment, and we therefore caution that in most instances, a post-judgment motion asserting a need for discovery will be too little, too late." *Id.*

Defendants had ample opportunity to partake in discovery prior to the Court's ruling on summary judgment or move under Rule 56(f) for more time. A Rule 59(e) motion is not the proper vehicle for second guessing prior strategical legal decisions. *See Nemaizer v. Baker*, 793 F.2d 58, 62 (2nd Cir. 1986) ("Mere dissatisfaction in hindsight with choices deliberately made by counsel" is not grounds to reconsider judgment). Accordingly, the

Court **REFUSES** to consider the deposition testimony or Mr. or Mrs. Morin in reconsideration of its prior ruling on summary judgment. Because Defendants have failed to state a sufficient basis for altering, amending, or reconsidering the Court's ruling, Defendants' Motion for Reconsideration is **DENIED**.

## IV.    CONCLUSION

For the reasons set forth above, Defendants' Motion for Reconsideration [Court Doc. 45] is **DENIED**. The case shall remain closed.


**SO ORDERED** this 15th day of September, 2009.


_/s/Harry S. Mattice, Jr._
HARRY S. MATTICE, JR.
UNITED STATES DISTRICT JUDGE

-6-